IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT, | 8:16CV76 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| RICHARD KYLER and ONE JANE DOE OMAHA POLICE OFFICER, | |
| Defendants. | |

Plaintiff Charles Swift ("Swift") filed his Complaint (Filing No. 1) in this matter on February 16, 2016. This court has given Swift leave to proceed in forma pauperis. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Swift brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Named as Defendants are Richard Kyler ("Kyler") and one Jane Doe, an Omaha police officer, who are sued in their individual and official capacities. Although not stated in the complaint, the court is aware from previous actions filed by Swift that Kyler is also an Omaha police officer. *See Swift v. Kyler, et al.*, 8:14CV243 (filed on 08/15/14, claiming unlawful arrest; complaint dismissed with prejudice on 11/25/15; judgment appealed on 12/04/15); *Swift v. Kyler, et al.*, 8:15CV326 (filed on 09/03/15, claiming unlawful search; complaint dismissed with prejudice on 01/20/16 ).

Swift claims Defendants unsuccessfully tried to recruit him as an informant by means of threats and "bullying" tactics. Swift alleges that on an unspecified date Defendants pointed out places in north Omaha they wanted him to infiltrate and

inform on the occupants; that Defendants said unless Swift cooperated, he or his wife would be going to jail; that after Swift refused, both he and his wife were charged with drug offenses; and that on January 19, Defendants unlawfully arrested Swift's wife, daughter, and grandchildren and also filed a false affidavit stating that Swift and his daughter were lovers who were selling drugs. Swift seeks $50 billion in damages and injunctive relief.[1]

---

[1] The complete allegations of Swift's complaint read as follows:

as has previously been reported the defendants acting in concert

abd under color of state tried to bully threaten ½plaintiff
into becoming an informant for drfrdants by
1. summoning plaintiff to home depot on or about

whereat defendants then took us on a tour of northside of omaha

pointing out places they wanted us to infiltrate and inform
on denizens hatiuaes of such black nigger establ;is
establishments

defendants told us that if we refused to brbe rat than one of u
(meaning our wife and relator was going to jail.

we refused to be rat make buys for defendants of drugs etc.
ever since defendants have caused

relatoprelator and his wife to be charged with drug offenses
and on January 19 defendants illegally arrested our wife
daughter grandchildren and filed false affidavit that
relator and his daughter were lovers selling dope out
of 3929 n.42nd street
all defendants sued individually and officially
we want declaration defendants have violated

our constitutional rights under the 4th, 5th, 6th 8th
13tn and 14th amendments 50000000000.00 damages an
injunction against further violations of our rights as
is said plus whatever else the court deems just

(Filing No. 1).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### *A. Official Capacity Claims*

The court construes Swift's claims against Kyler and Jane Doe in their official capacities as being brought against the City of Omaha, Nebraska. The City may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's

constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Swift does not present any allegations of an official policy or custom in his complaint, and thus fails to state a claim against the City of Omaha.

### B. Individual Capacity Claims

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Id.* (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991)). "[A] threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, *see Hopson*, 961 F.2d at 1378-79, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *Id.* Swift's claim that Defendants unsuccessfully threatened or bullied him does not rise to the level of a constitutional violation.

Swift's allegation that Defendants caused him to be charged with a drug offense after he refused to become an informant has the potential for stating an actionable constitutional claim, but only if the charge is false and other required elements (such as causation) are satisfied. Unless and until the criminal charges are no longer pending in state court, however, this court must abstain from hearing the claim under *Younger v. Harris*, 401 U.S. 37 (1971). *See, e.g., Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007) (dismissal appropriate where state criminal proceedings were pending against plaintiff who claimed Fourth Amendment rights were violated when he was cited for selling fireworks and threatened with arrest). *Younger* abstention also applies to any potential claim involving Swift's allegations that a false affidavit was filed and that family members were unlawfully arrested or charged. In addition, Swift lacks standing to bring a section 1983 claim on behalf of his wife, daughter, or

-4-

grandchildren. See *Kansas City v. Williams*, 205 F.2d 47, 51 (8th Cir. 1953) (plaintiff has no standing to sue for deprivation of civil rights of others).

## IV. CONCLUSION

Swift has failed to allege an actionable claim under federal law. The court will not provide Swift with an opportunity to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 13th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge